IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD VONJOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-1620-N |
| | § | |
| MCI MORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant MCI Mortgage, Inc.'s ("MCI") motion to dismiss Plaintiff Edward Vonjoe's first amended (supplemented) complaint ("FAC") [9]. Because Vonjoe failed to plead sufficient facts to state a plausible claim for relief, the Court grants Defendant's motion to dismiss.

## I. Origins of the Motion

This case concerns real property ("Property") and a related mortgage. On or about December 30, 2022, Plaintiff Edward Vonjoe obtained a mortgage from MCI in the principal amount of $455,595.000 secured by the Property. Pl.'s Amend. Supp. Compl. ("FAC") ¶ 7 [7]. Vonjoe eventually fell behind on his mortgage payments, and Vonjoe and MCI entered into a Forbearance Agreement in February 2024 and a Loan Modification Agreement in May 2024. *Id.* ¶ 9; Def.'s. Mot. to Dismiss 3–4 [9]. Despite the accommodations in the Loan Modification Agreement, Vonjoe again fell behind on payments, and MCI posted the Property for foreclosure on August 5, 2025. Def.'s Mot. to

Dismiss 4 [9]. To prevent foreclosure, Vonjoe filed for Chapter 13 bankruptcy. Pl.'s Amend. Supp. Compl. ¶ 13. The bankruptcy proceeding was ultimately dismissed, and MCI posted the Property for foreclosure again on January 6, 2026. Def.'s Mot. to Dismiss 5. On the day prior to the foreclosure sale, Vonjoe filed a lawsuit in the 193rd District Court of Dallas County, Texas against MCI under Cause No. DC-26-00074 (the "State Court Action"), seeking a temporary restraining order to stop MCI's nonjudicial foreclosure sale. *Id.* at 2–3. After Vonjoe failed to obtain a temporary restraining order, the foreclosure sale proceeded. *Id.* at 5. Despite MCI being the record owner of the Property, Vonjoe has not vacated the Property. *Id.*

Vonjoe originally brought this action in state court, and MCI timely removed. In his amended complaint, Vonjoe asserts causes of action to quiet title, for common law wrongful foreclosure, declaratory judgment, violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of contract, violations of the Real Estate Settlement Practices Act ("RESPA"), and for nonmonetary relief. FAC ¶¶ 17–39. MCI now moves to dismiss Vonjoe's claims.

## II. RULE 12(B)(6) LEGAL STANDARD

When addressing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)

(internal quotation marks omitted). Thus, a district court may properly consider contracts or other documents that are not attached to the complaint, but are referenced in and central to it, and attached to a defendant's Rule 12(b)(6) motion. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

A viable complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (internal citations omitted).

## III. THE COURT DISMISSES VONJOE'S CLAIMS

Defendant MCI moves to dismiss Vonjoe's quiet title, wrongful foreclosure, DTPA, breach of contract, RESPA, and declaratory judgment claims, arguing that Vonjoe fails to state a claim that would entitle him to relief under each cause of action. The Court agrees.

### *A. Vonjoe Fails to State a Claim to Quiet Title*

The principal issue in a quiet title action is "the existence of a cloud that equity will remove." *Metcalf v. Deutsche Bank Nat. Tr. Co.*, 2012 WL 2399369, at *6 (N.D. Tex.

2012) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App. – Waco 1980, writ ref'd n.r.e.)). For a plaintiff to quiet title in his favor, the plaintiff must show that "1) plaintiff has an interest in a specific property; 2) title to the property is affected by a claim by the defendant; and 3) the defendant's claim, though facially valid, is invalid or unenforceable." *Wagner v. CitiMortgage, Inc.*, 995 F. Supp. 2d 621, 626 (N.D. Tex. 2014). A plaintiff can only recover by showing the strength of his own title, not on the supposed weakness of the defendant's title. *Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 791 (5th Cir. 2018) (unpublished).

Here, Plaintiff Vonjoe fails to allege sufficient facts to state a valid claim to quiet title because Vonjoe attempts to rest his action on the alleged weaknesses in MCI's post-foreclosure title rather than the strength of his own title. *See id.* at 791 (noting that supporting a claim to quiet title by focusing on the defendant's weakness in title is "insufficient to amount to a viable claim to quiet title"). While Vonjoe asserts a series of conclusory allegations that he is the alleged rightful owner of the Property, Vonjoe concedes that he did not make the required mortgage payments and thus lost the Property to foreclosure. FAC ¶¶ 9, 15–16. Without more, Vonjoe fails to allege sufficient facts establishing the superiority of his title. Accordingly, the Court dismisses the claim.

### *B. Vonjoe Fails to State a Claim for Wrongful Foreclosure*

To survive a motion to dismiss a claim of wrongful foreclosure, a plaintiff must sufficiently plead that there was "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139

(Tex. App. – Corpus Christi-Edinburg 2008, no pet.). A procedural defect occurs when the foreclosing party either "fails to comply with statutory or contractual terms," or "complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Matthews v. JPMorgan Chase Bank, N.A.*, 2011 WL 3347920, at *2 (N.D. Tex. 2011). However, merely showing a defect in the foreclosure process does not entitle one to recovery—"it is also necessary that there be an inadequate selling price from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Vonjoe alleges that the foreclosure proceeding was deficient because MCI failed to provide the contractual and statutory required notices prior to foreclosing on the Property. FAC ¶¶ 26–28. However, even if this allegation is taken as true, it does not plausibly entitle Vonjoe to relief for wrongful foreclosure. Vonjoe fails to plead *any* facts showing that the Property was sold for a grossly inadequate price and fails to allege a causal connection between the deficient notices and a grossly inadequate price. *See Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) (unpublished) (affirming dismissal of wrongful foreclosure claim where the plaintiff "failed to allege . . . a grossly inadequate selling price" and "a causal connection between a defect in the foreclosure sale proceedings and the grossly inadequate selling price"). The Court therefore dismisses Vonjoe's claims for wrongful foreclosure.

### *C. Vonjoe Fails to State a Claim for Violations of the DTPA*

To obtain relief under the DTPA, a plaintiff must be a "consumer" as defined by the DTPA. *See, e.g.*, *Marquez v. Fed. Nat'l Mortg. Ass'n*, 2011 WL 3714623, at *5–6 (N.D.

Tex. 2011); *Broyles v. Chase Home Fin.*, 2011 WL 1428904, at *3–4 (N.D. Tex. 2011). The question of whether one is a consumer under DTPA is a question of law for the court to decide. *E.g., Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App. – San Antonio 2002, pet. denied).

To qualify as a consumer, a "person must have sought or acquired goods or services by purchase or lease," and "the goods and services purchased or leased must form the basis of the complaint." *Cameron v. Terrell & Garrett, Inc.* 618 S.W.2d 535, 539 (Tex. 1981); *see also* TEX. BUS. & COM. CODE § 17.45(4). Since the lending of money is not a good or service, a borrower whose sole objective is to get a loan does not become a consumer under the DTPA. *See Walker v. Fed. Deposit Ins. Corp.,* 970 F.2d 114, 123 (5th Cir. 1992) (citing *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174–75 (Tex. 1980)). Moreover, while a person who borrows money to purchase a house "can be a consumer under the DTPA because that person's objective is to buy a home, 'subsequent actions related to mortgage accounts—for example, extensions of further credit or modifications of the original loan—do not satisfy the 'goods and services' element of the DTPA.'" *Swim v. Bank of Am.,* 2012 WL 170758, at *6 (N.D. Tex. 2012) (quoting *Broyles v. Chase Home Fin.*, 2011 WL 1428904, at *4 (N.D. Tex. 2011)).

Here, Vonjoe's claims stem from the mortgage loan he signed and to allegations regarding modification to that loan, not the home itself. Thus, Plaintiff Vonjoe lacks standing as a consumer under the DTPA, and the Court dismisses the claim.

### *D. Vonjoe Fails to State a Claim for RESPA Violations*

The purpose of RESPA is to "ensure that real estate consumers 'are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices.'" *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003) (quoting 12 U.S.C. § 2601(a)). Vonjoe alleges that he gave notice to MCI of certain servicing errors pursuant to 12 C.F.R. §§ 1024.35 and 1024.41, made actionable under RESPA. FAC ¶¶ 34–35. Vonjoe further concludes that this servicing misconduct entitles him to damages under Title 12 U.S.C. section 2605 because MCI "fail[ed] to correct [the] errors and mov[ed] forward with the foreclosure sale." *Id.* ¶ 36. However, to state a viable claim under section 2605, a plaintiff must show that he suffered actual damages from the alleged servicing misconduct. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241 (5th Cir. 2014) (unpublished); 12 U.S.C. § 2605(f). Vonjoe fails to show the required damages.

Vonjoe fails to state a viable claim for RESPA violations because he does not sufficiently describe what the servicing misconduct was and how this caused him actual injury. While Vonjoe claims that the unspecified servicing error caused the Property to be foreclosed upon, the foreclosure did not occur due to MCI's alleged failures to respond to Vonjoe's inquiries. Rather, the foreclosure occurred because Vonjoe failed to make payments for the months before, during, and after his bankruptcy. Under RESPA, the plaintiff must plead facts giving rise to a reasonable inference that he suffered actual damages as a result of a violation of RESPA. *Hurd v. BAC Home Loans Servicing, LP,*

880 F. Supp. 2d 747, 768–69 (N.D. Tex. 2012). Without alleging what error MCI committed, that MCI failed to respond to Plaintiff's inquiry, or that this failure caused Plaintiff damages, Vonjoe cannot raise the required reasonable inference, and the Court dismisses Plaintiff's claim for RESPA violations.

***E. Vonjoe Fails to State a Claim for Breach of Contract***

While Count 5 of the FAC is entitled "Breach of Contract and RESPA Violations," there are no allegations of the existence of a contract or the breach of a contract in Count 5. Additionally, Vonjoe fails to raise any allegations of breach of contract in his response to Defendant's motion to dismiss. Due to the absence of any supporting facts, the Court therefore dismisses Vonjoe's claim for breach of contract.

***F. Vonjoe Fails to State a Claim for Declaratory Judgment***

Declaratory judgment is a form of relief based on the underlying claims. *Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 421 F. App'x 398, 400–01 (5th Cir. 2011) (unpublished). Because the Court has determined that none of Vonjoe's claims as pleaded in his original complaint can withstand dismissal at this time, Plaintiff Vonjoe's request for declaratory relief cannot survive. As such, the Court dismisses the claim for declaratory judgment.

***G. Vonjoe Fails to State a Claim for Recission, Set Aside of Foreclosure Sale, and Injunctive Relief***

Vonjoe also seeks to have the foreclosure sale equitably rescinded, and the foreclosure sale deed cancelled. FAC ¶¶ 37–38. Texas courts have recognized that one of the proper remedies for wrongful foreclosure is recission and the subsequent setting aside

of the foreclosure sale. *Galvan v. Centex Home Equity Co., L.L.C.*, 2008 WL 441773, at *4 (Tex. App. – San Antonio 2008, no pet.); *Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex. 1986). Because the Court has determined that Plaintiff Vonjoe cannot plausibly state a claim for wrongful foreclosure, Vonjoe does not have a claim for which rescission is an availably remedy. As such, the Court dismisses this claim.

Finally, Vonjoe seeks injunctive relief preventing Defendant MCI from pursuing possession of the Property. FAC ¶ 39. For the same reasons that recission is not available as a remedy, injunctive relief is not available as a remedy to Vonjoe. Accordingly, the Court dismisses the claim for injunctive relief.

## CONCLUSION

Because Vonjoe has failed to allege sufficient facts to state a plausible claim to quiet title, for wrongful foreclosure, declaratory judgment, violations of DTPA, breach of contract, violations of RESPA, and for nonmonetary relief, the Court grants MCI's motion to dismiss. As Vonjoe has already amended his complaint once and any further amendment would be futile, the Court dismisses the claims with prejudice.

Signed November 5, 2026.

David C. Godbey
Senior United States District Judge